UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,
vs.

SUBWAY 2271, INC.
d/b/a Subway at 3129 Grand Avenue and
MARIA & ANGEL ESPINOSA TRUST

    Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Subway 2271, Inc. doing business as a Subway restaurant franchise located at 3129 Grand Avenue and Defendant Maria & Angel Espinoza Trust for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

3. Defendants are conducting business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is a "tester" for determining whether Defendants are in compliance with the ADA and the ADAAG.

5. Defendant Subway 2271, Inc. (also referenced as "Defendant Subway 2271," "operator," lessee" or "co-Defendant") is a Florida for-profit corporation and a franchise operator of the Subway fast-food restaurant franchise located at 3129 Grand Avenue, Miami Florida 33133, which is the subject of this action.

6. Defendant Maria & Angel Espinoza Trust (also referenced as "Defendant Espinoza Trust," "lessor," "owner," or "co-Defendant") is the owner of Folio 01-4121-030-0010, which represents real property located at 3129 & 3131 Grand Avenue, Miami Florida 33133 (referenced throughout as "3129 Grand Avenue"). Defendant Espinoza Trust's real property is commercial property built-out as a Subway fast-food restaurant (3129 Grand) and a Kwik Stop convenance store (3131 Grand).

## FACTS

7. Defendant Espinoza Trust leases its 3129 Grand Avenue real property to co-Defendant Subway 2271 whom in turn operates its franchise Subway restaurant within that leased space.

8. At all times material hereto, Defendant Subway 2271 has been leasing commercial space within Defendant Espinoza Trust's real property and has been utilizing that commercial space for the operation of its franchised Subway restaurant.

9. Defendant Subway 2271's franchised Subway restaurant serves food and drinks and is open to the general public and therefore is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." The Subway restaurant which is the subject to this action is also referred to as "Subway (restaurant)," "Subway at 3129 Grand Avenue," "restaurant," or "place of public accommodation."

10. Subway brand fast-food restaurants are franchised restaurants that primarily sell submarine sandwiches, salads and beverages. The Subway brand has been franchised since 1974. As of June 2021, Subway had approximately 41,600 locations in 104 countries and territories, all independently owned (franchised). These locations are largely concentrated in North America, with 21,796 in the United States, 2881 in Canada, and 758 in Mexico.

11. As the franchisee owner/operator of a Subway fast-food restaurant open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates establishments serving food and drinks; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

12. As the owner of real estate part of which is built out as a fast-food restaurant open to the general public, Defendant Espinoza Trust is also defined as a "Public Accommodation" within meaning of Title III; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

13. Due to the close proximity of the Subway restaurant to Plaintiff's home, on August 10, 2021 Plaintiff went to the restaurant with the intent of purchasing a Subway sandwich meal.

14. On entering the restaurant, Plaintiff had difficulty parking and perambulating to the restaurant entrance due to the excessive slope of the parking area. Further, while Plaintiff was dining in the restaurant and had occasion to visit the restroom, Plaintiff met multiple areas of inaccessibility due to the fact that he is confined to his wheelchair.

15. While Plaintiff had purchased a sandwich meal at the Subway restaurant, Plaintiff left feeling excluded, humiliated and dejected.

16. Plaintiff has been denied full and equal access by the operator of the Subway restaurant (Defendant Subway 2271) and by the owner of the commercial property which houses the restaurant (Defendant Espinoza Trust).

17. On information and belief, as a franchise operator of a Subway restaurant, Defendant Subway 2271 is well aware of the need to provide equal access to individuals with disabilities. Defendant Subway 2271's failure to reasonably accommodate individuals with disabilities at its franchised Subway restaurant is/was willful, malicious, and oppressive and in compete disregard for the civil rights of Plaintiff and in violation of 28 C.F.R. §36.302.

18. On information and belief, as an investor in commercial property, Defendant Espinoza Trust is aware of the ADA and the need to provide for equal access within its Grand Avenue commercial property. Therefore, Defendant Espinoza Trust's failure to reasonably accommodate individuals with disabilities is/was willful, malicious, and

oppressive and in compete disregard for the Civil Rights of Plaintiff and in violation of 28 C.F.R. §36.302.

19. Based on the above delineated access impediments, Plaintiff has been denied full and equal access by the operator of that restaurant (Defendant Subway 2271) and by the owner of the commercial property which houses the restaurant (Defendant Espinoza Trust).

20. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

21. Plaintiff is and has been a customer of Subway restaurants and continues to desire to return to the Subway restaurant located at 3129 Grand Avenue to purchase food, and/or test the public accommodation for compliance with the ADA/ADAAG, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the architectural barriers and other barriers to access, all which are in violation of the ADA.

22. Any and all requisite notice has been provided.

23. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

24. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over thirty years have passed since enactment of the ADA and there is no excuse for public

accommodations and places of public accommodation to have failed to comply with the legislation.

25. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

26. Prior to the filing of this lawsuit, Plaintiff personally visited the Subway restaurant located at 3129 Grand Avenue to purchase a meal; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, he met barriers to access when exiting his vehicle, when seeking access to the restaurant's goods and services, and when utilizing the restroom. Therefore, Plaintiff has suffered an injury in fact.

27. Defendant Subway 2271 and Defendant Espinoza Trust have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the Subway restaurant located at 3129 Grand Avenue, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

28. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Subway restaurant located at 3129 Grand Avenue.

29. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

30. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

31. The commercial space which is owned by Defendant Espinoza Trust houses the subject Subway restaurant which is operated by Defendant Subway 2271 is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* and both Defendants are discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

 i. As to Defendant Subway 2271 (lessee/operator) and Defendant Espinoza Trust (owner/lessor) (jointly and severally), Plaintiff had difficulty exiting his vehicle, as the designated accessible parking spaces are located on an excessive slope (of over 2.1%) due to the failure to maintain the existing parking surface. This is in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards for Accessible Design.

ii. As to Defendant Subway 2271 (lessee/operator) and Defendant Espinoza Trust (owner/lessor) (jointly and severally), Plaintiff had difficulty using the dining tables, as there was a display rack encroaching over the required passage width from the accessible parking spaces toward the tables. This is a violation of Section 4.3.2(2) of the ADAAG which states: "at least one accessible route shall connect accessible buildings … and spaces that on the same site" and Section 403.5.1 of the 2010 ADA Standards for Accessible Design which states that the clear width of walking surfaces shall be 36 inches (915 mm) long minimum and 36 inches (915 mm) wide minimum.

iii. As to Defendant Subway 2271 (lessee/operator) and Defendant Espinoza Trust (owner/lessor) (jointly and severally), the indoor seating of the restaurant did not provide for designated handicapped seating accessible by wheelchair, in violation of 28 C.F.R. Part 36, Section 4.32.4, which states that the height of accessible tables shall be from 28 in to 34 in (710 mm to 865 mm) above the finish floor or ground. The seating is also in violation of 2010 ADA Standards for Accessible Design Sections 226 and 902, which requires that all dining areas be accessible in clear floor/ground space, size and height. Specifically, Section 226.1 requires that, where dining surfaces are provided for the consumption of food or drink, at least five percent (5%) of the seating spaces and standing spaces at the dining surfaces must comply with Section 902. Section 902.2 requires the provision of accessible knee and toe clearance.

iv. As to Defendant Subway 2271 (lessee/operator) and Defendant Espinoza Trust (owner/lessor) (jointly and severally), Plaintiff had difficulty opening the restroom

    door, as it does not have the required door pressure. The restroom door opening force resulted in the need for excessive weight/force to open. This is violative Section 4.13.11 and other sections of the ADAAG. The door opening force shall not be greater than that delineated at 28 C.F.R. Part 36.211. The 2010 ADA Standards for Accessible Design Section 404.2.7 states that operable parts on doors and gates must comply with Section 309.4, and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum. Section 404.2.8.1 requires that door and gate spring hinges must be adjusted so that the time to move the door to a position of 12 degrees from the latch is 5 seconds minimum.

v.    As to Defendant Subway 2271 (lessee/operator) and Defendant Espinoza Trust (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar does not have the required clearance since the toilet tissue dispenser is mounted below the side wall grab bar at the wrong height. Wall-mounted objects, such as towel racks and dispensers, can interfere with the use of grab bars if placed above grab bars, which is in violation of the requirements in Section 4.26 of the ADAAG, 28 C.F.R. Part 36, Section 213.3.5 and Section 603.3 of the 2010 ADA Standards for Accessible Design.  Section 603.3 spacing states that the space between the wall and the grab bar shall be 1½ inches (38 mm). The space between the grab bar and projecting objects below and at the ends shall be 1½ inches (38 mm) minimum.

32.    Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the Subway restaurant commercial space located at 3129 Grand

Avenue accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

33. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the restaurant therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the commercial property owner/lessor Defendant Maria & Angel Espinoza Trust and Defendant Subway 2271, Inc. (the lessee and operator of the Subway restaurant located on that commercial property) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the Subway restaurant located at 3129 Grand Avenue such that all areas are accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorney's fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 6th day of October 2021.

                                              Respectfully submitted,

                                              */s/ J. Courtney Cunningham*
                                              J. Courtney Cunningham, Esq.

J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*
